ORDERED ACCORDINGLY.



ATCHLEY & DELGADO, LLP
ATTORNEYS AT LAW
1819 E. SOUTHERN AVE, SUITE A-10
MESA, ARIZONA 85204
(480) 497-5009
FAX (480) 497-5029
mark@arizonabk.com

Dated: July 06, 2010

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re : <br><br> Carlos Morales, <br> Mandi Marie Miranda, <br><br> Debtor. | CHAPTER 13 No. 2:10-bk-09623 GBN <br><br> ORDER FOR DEFAULT JUDGEMENT <br><br> AP NO. 10-ap-00862-GBN |
| Carlos Morales, <br> Mandi Marie Miranda, <br><br> Plaintiffs, <br> v. <br><br> Bank of America, N.A., <br><br> Defendant. | |

**THIS CAUSE** coming on to be heard, and being heard, before the undersigned Judge presiding over the United States Bankruptcy Court for the District of Arizona, Phoenix Division, pursuant to an application for entry of default filed by the Plaintiffs; and

**IT APPEARING** to the undersigned that this court has jurisdiction over the parties and over the subject matter of this matter; and

**IT FURTHER APPEARING** to the undersigned that the Defendant was duly served with the summons and complaint in this proceeding and has failed to file any responsive pleading thereto with this Court or the Clerk of this Court; and

**IT FURTHER APPEARING** to the undersigned that the relief requested by the debtors in their motion is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That entry of default is hereby made as to the Defendant;

2. That the value of the interest of the Defendant in the residential real estate located at 5240 N. 18th Drive, Phoenix, AZ 85015, LEGAL DISCRIPTION:

    LOT 15, MANCUSO MANOR, ACCORDING TO BOOK 195 OF MAPS, PAGE 12, RECORDS OF MARICOPA COUNTY, ARIZONA.

    in this case is hereby valued at zero;

3. That this Court disallow any secured claim filed by Defendant;

4. That upon entry of the discharge order in this case, the Defendant is hereby ordered to cancel and mark paid its second deed of trust and must provide the debtors with proof thereof within thirty (30) days; and

5. That upon entry of the discharge order in this case, the Defendant is hereby ordered to mark as paid in full all loan documents related to the second deed of trust and to deliver such documents to the Debtors within thirty (30) days.

6. Notwithstanding any other term or provision herein to the contrary, in the event that the Debtor sell or refinance the Property prior to the completion of the Plan and receipt of a discharge under 11 U.S.C. §1328, the Creditor Deed of Trust shall be avoided to accommodate such sale or refinancing.

7. That the attorney for the debtors should be awarded an additional non base attorney fee of $1,000.00 to be paid under the Chapter 13 plan of the debtors in this case.

8. The Clerk shall close this file.

**SIGNED AND DATED ABOVE**